1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
                                AT TACOMA
8

9    ANDREW HENDRICKS, et al.,                CASE NO. C13-5690 RBL

                      Plaintiffs,             ORDER GRANTING DEFENDANT
10                                            FUSION CENTER'S MOTION FOR
           v.                                 SUMMARY JUDGMENT
11
     PIERCE COUNTY, et al.,                   [Dkt. # 39]
12
                      Defendants.
13

14          THIS MATTER is before the Court on Defendant Washington Fusion Center's Motion

15   for Summary Judgment [Dkt. #39].

16          Plaintiffs Hendricks and Prescott are journalists and members of an activist anti-war

17   group, the Port Militarization Resistance (PMR). They claim they were unlawfully harassed,

18   threatened, and seized by Pierce County Sherriff's Deputies who stopped them from filming and

19   taking photographs in the courthouse, in what they claim was a coordinated attempt to deter

20   Plaintiffs' First Amendment activities. They assert various constitutional and state law claims

21   against the deputies and their superiors, and a *Monell* claim against Pierce County.  Those claims

22   were the subject of a prior motion for summary judgment [Dkt. #15; *see* Order at Dkt. #30]. A

23

24

ORDER - 1

subset of the claims survived the Motion. The Court's prior Order contains a more detailed recitation of the facts and factual allegations.

Plaintiffs' claims against the Washington Fusion Center were not the subject of the prior Motion.  Plaintiffs Complaint broadly asserts claims against "the Defendants." It alleges that the Fusion Center is

> a state entity organized  under the auspices of the Washington State Patrol and the U.S. Department of  Homeland Security, and including and funded by the above and a consortium of local, state, Federal and Military Agencies working together to spy on activists and monitor, gather "intelligence" on, catalog, attack, disrupt, and prevent First Amendment activity in addition to its ostensible job to detect and prevent acts of terrorism, which for the most part it, and the network of fusion centers across the county have not engaged in, and when they have, have been extraordinarily ineffective at.

[Dkt. #1 at 5].  Plaintiffs assert a *Monell* claim against the Fusion Center as the result of plaintiffs' alleged arrest and harassment at the Pierce County courthouse—acts they claim and admit were undertaken by Pierce County Deputies Villahermosa and Boyle.  The claim appears to be based on the claim that Villahermosa and Boyle (and defendants Lt. Adamson, and Sherriff Pastor) were employed or at least "directed by" by the Fusion Center.

The Fusion Center seeks summary judgment on all of the plaintiffs' claims[1] against it.  It argues that there is no evidence of the factual underpinnings of Plaintiffs' complaint against it, and that those allegations are in fact false:

> [N]one of the individuals named in the Complaint are affiliated with the Fusion Center. The Fusion Center is not comprised of Regional Intelligence Groups (RIG) and as such there is no such thing as "Regional Intelligence Group 5 of the Washington Fusion Center". Accordingly, Chris Adamson is not "Director of the Regional Intelligence Group 5 of the Washington Fusion Center" because there is no such thing.

---

[1] Plaintiff also asserted state law tort claims against the Fusion Center, but concedes that it did not file the required pre-claim notice and does not contest the dismissal of those claims.

ORDER - 2

1

2

> Accordingly, named defendants Pierce County Sheriff's Deputies Boyle and Jesus Villahermosa Jr., Pierce County Sheriff's Department Lieutenant Chris Adamson and Pierce County Sheriff Paul Pastor are not, nor were in August 2010 part of the Fusion Center or otherwise part of the Fusion Center's command structure.

3

4

> As such, the Fusion Center had nothing to do with the events set forth in the Complaint in regards to the alleged incidents at the Pierce County Courthouse, in August 2010.

5

6

[Dkt. #39 at 3.]  It argues that it is not a "person" for §1983 purposes, and that it is not a

"municipality" for *Monell* purposes.

7

8

In Response, Plaintiffs argue that Adamson's relationship to the Fusion Center is a

"disputed fact," and claims that there is insufficient evidence supporting the Fusion Center's

9

10

claim that it was wholly divorced from the brief Pierce County courthouse incident at the center

of this case:

11

12

13

14

> The only evidence that the Fusion Center was not investigating and giving direction to local law enforcement concerning Plaintiff in 2010 comes from Lt. Trowbridge who, *by his own sworn statement was not assigned to the Fusion Center until 2014, and only gives a vague second hand statement that he talked to some other officers who worked for the fusion center in 2010, and presumably based on that vague hearsay says they did not.*

15

[Dkt. # 44 at 7] (emphasis in original).

16

This argument misstates the plaintiffs' burden in the face of a summary judgment motion.

17

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on

18

file, and any affidavits show that there is no genuine issue as to any material fact and that the

19

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining

20

whether an issue of fact exists, the Court must view all evidence in the light most favorable to

21

the nonmoving party and draw all reasonable inferences in that party's favor.  *Anderson Liberty*

22

*Lobby, Inc*., 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

23

A genuine issue of material fact exists where there is sufficient evidence for a reasonable

24

ORDER - 3

1   factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether

2   the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

3   one-sided that one party must prevail as a matter of law." *Id*. At 251-52. The moving party

4   bears the initial burden of showing that there is no evidence which supports an element essential

5   to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant

6   has met this burden, the nonmoving party then must show that there is a genuine issue for trial.

7   *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine

8   issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477

9   U.S. at 323-24.

10      There is no requirement that the moving party negate elements of the non-movant's case.

11   *Lujan v. National Wildlife Federation*, 497 U.S. 871(1990). Once the moving party has met its

12   burden, the non-moving party must then produce concrete evidence, without merely relying on

13   allegations in the pleadings, that there remain genuine factual issues. *Anderson v. Liberty Lobby,*

14   *Inc.*, 477 U.S. 242, 248 (1986).

15      Plaintiffs have not established that the Fusion center is a municipality, (see *Hervey v.*

16   *Estes*, 65 F. 3d 784 (9th Cir. 1995)) or that it is a "person," for §1983 purposes. Plaintiffs' naked

17   claim that the Fusion Center's function or status is "disputed" does not make it so. And there is

18   no evidence whatsoever that it or anyone acting on its behalf played any role in the two incidents

19   that led to this lawsuit.

20      Plaintiffs' request for a continuance of the Motion under Rule 56(d) is DENIED, because

21   they have not and cannot establish that additional discovery will lead to anything that will

22   preclude summary judgment.

23

24

1   The Fusion Center's Motion for Summary Judgment [Dkt. #39]  is GRANTED and all of

2 Plaintiffs' claims against it are DISMISSED with prejudice.

3   IT IS SO ORDERED.

4

 Dated this 26th day of February, 2015.

5

6

7       RONALD B. LEIGHTON
        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24